# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| FRANCISCO SALAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-510-CV-W-NKL |
| | ) | |
| BLOUNT INTERNATIONAL, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiff Francisco Salas's Motion to Remand to State Court [Doc. # 7]. For the following reasons, the Court grants the motion in part.

Plaintiff originally filed this lawsuit in Jackson County, Missouri. In relevant part, the petition alleges the following. Plaintiff is a naturalized citizen born in Mexico who worked for Defendants as a dock worker. Plaintiff was threatened by a coworker, who was an illegal immigrant. Plaintiff reported that the coworker was an illegal immigrant, and threatened to call immigration if Defendants did not put a stop to the threats. Shortly thereafter, Plaintiff was told he needed to produce certain documents for federal employment forms because Defendants needed to verify immigration status by a certain date. Plaintiff was mad that he was being forced to verify his citizenship when there were illegal workers working for Defendants. Plaintiff had lost his naturalization papers and couldn't get substitute papers in a timely manner; nevertheless he produced other documents that he says verified his citizenship. Plaintiff was terminated for the stated reason that he did not provide

proper documentation verifying that he could work legally. Count I of the petition alleges

violation of the Missouri Human Rights Act, stating that Defendants engaged in "unlawful

employment discrimination." Count II is titled "Wrongful Termination"; the substantive

allegation of Count II says:

> Defendants retaliated against Plaintiff and fired him ... because he reported to
> Defendant Huber; Defendant Snyder; Judy Marcell, Defendants' Human Resources
> Assistant; and Defendant Miller conduct that violated the law and/or public policy
> and/or conduct that Plaintiff reasonably believed violated the law and/or public policy
> by complaining that Defendants employed illegal immigrants, including the male co-
> worker that threatened Plaintiff ..., in violation of public policy and [certain sections
> of the United States Immigration and Nationality Act].

Defendants removed, citing 28 U.S.C. § 1331 as the basis of the Court's jurisdiction.

Plaintiff moves to remand, saying that the Court does not have jurisdiction because

"Plaintiff asserts no claim in his Petition that arises under the Constitution, treaties or laws

of the United States." Plaintiff argues that Count II asserts only a claim for wrongful

termination under Missouri law; he says that the reference to the Immigration and Nationality

Act ("INA") was made for purposes of establishing the elements of that claim – one of which

includes violation of a public policy. He argues that, in fact, he is barred from pursuing any

claims under the INA. Plaintiff cites case law holding that state-law discrimination claims

are not converted to federal claims simply because they cite to federal law as a source of

public policy.

Defendants responded they have no objection to remand if Plaintiff will confirm he

is not seeking to state federal claims. They state that they removed based on their belief that

Plaintiff was alleging claims for violation of the INA: they say they believed this because the

petition cites to portions of the INA, and because the petition repeatedly refers to citizenship issues. Defendants note that certain sections of the INA address private causes of action, although those sections are not cited in the petition. Defendants do not oppose remand if Plaintiff amends the petition to "properly limit" the scope of his wrongful discharge claim.

The Court must ask whether the petition, on its face, raises a federal claim. *Ogala Sioux Tribe v. C & W Enter. Inc.*, 487 F.3d 1129, 1130 (8th Cir. 2007). All doubts must be resolved in favor of remand. *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007). Defendants, opposing remand, bear the burden of establishing federal subject matter jurisdiction. *See Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002).

Defendants cite to the INA as the only basis for removal. The petition does, as Defendants say, reference the INA and citizenship issues. The petition's cite to the INA – especially when read in light of the briefing here – refers to the public policy that Defendants allegedly violated when they fired Plaintiff. As Defendants agree, the case law cited by Plaintiff establishes that such references do not form a basis for federal jurisdiction. Plaintiff has now expressly represented that he will not pursue federal claims in this case, and has even argued that he is barred from stating an INA claim. Resolving all doubts in favor of remand, the Court finds that the petition does not state a federal claim.

Plaintiff requests that the Court award him fees and costs because Defendants unreasonably removed this matter. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1147(c). The Court may generally award fees and costs "only where

the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The vague reference to the INA and citizenship issues in the petition arguably left open the question of whether Plaintiff intended to pursue a federal claim. Federal plaintiffs regularly cite to such references in arguing that they have stated federal claims. While Plaintiff has now expressly represented that he is not pursuing federal claims, the Court cannot say that Defendants were unreasonable in believing that he was. An award of fees and costs is not appropriate here.

Accordingly, it is hereby ORDERED that Plaintiff's motion to remand [Doc. # 7] is granted in part. This matter is remanded to the Circuit Court of Jackson County, Missouri, without an award of costs or attorneys' fees.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: July 23, 2010
Jefferson City, Missouri